Luke Gordon (ISB No. 10681)
Damir Delic (ISB No. 10680)
**GORDON, DELIĆ & ASSOCIATES**
950 W. Bannock St. Ste 600
Boise, ID 83702
Telephone: (208) 900-9509
Facsimile: (208) 900-9510

Attorneys for Debtor(s)

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>**INNOVATIVE BUILDING & REMODELING,**<br><br>Debtor | Case No. 22-00071-NGH<br><br>Chapter 11<br>(Sub-Chapter V) |

### EMERGENCY AND CONTINUING MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL

COMES NOW the Debtor, and moves the Court as follows:

 A. For an order authorizing Debtor the use of cash collateral consisting of proceeds of sales of inventory and related items, including collection of accounts receivable, for the operation of the Debtor's business as shown on the attached spreadsheet and in this motion hereafter.

 B. There are several secured creditors with security interests filed with the Secretary of State but Debtor disputes that the claims thereto are as shown. The claimants are, and Debtor's comments with regard to the creditors' claims, are:

| CREDITOR | FILING | DEBTOR ASSERTS |
|---|---|---|
| Corporation Service Company/BizFund, LLC | 02/05/2020 | Creditor asserts a claim in future receivables pursuant to an agreement dated 1/31/2020. |
| Corporation Service Company | 04/01/2020 | Creditor asserts a claim of all assets currently owned or acquired in the future. |
| U.S. Small Business Administration | 05/24/2020 | Creditor asserts a claim of all assets currently owned or acquired in the future. |
| Retail Capital LLC dba Credibly | 10/08/2020 | Creditor asserts a claim of all assets currently owned or acquired in the future. |
| Iruka Capital Group LLC | 12/31/2020 | Creditor asserts a claim of all assets currently owned or acquired in the future. |
| Western Equipment Finance | 02/23/2021 | Creditor holds a secured claim regarding certain equipment necessary to conduct business. |
| Corporation Service Compan/Bizfund, LLC | 02/24/2021 | Creditor asserts a claim in future receivables pursuant to an agreement dated 2/19/2021. |
| CT Corporation System | 05/05/2021 | Creditor asserts a claim of all assets currently owned or acquired in the future. |
| John Deere Construction | 07/13/2021 | Creditor holds a secured claim regarding certain equipment necessary to conduct business. |
| Western Equipment Finance | 09/20/2021 | Creditor holds a secured claim regarding certain equipment necessary to conduct business. |
| Corporation Service Company | 11/29/2021 | Creditor asserts a claim of all assets currently owned or acquired in the future. |
| Corporation Service Company | 11/30/2021 | Creditor asserts a claim of all assets currently owned or acquired in the future. |
| Corporation Service Company | 01/06/2022 | Creditor asserts a claim of all assets currently owned or acquired in the future. |

In support of this Motion, Debtor represents to the Court and parties as follows:

1. On March 4th, 2022, (the Filing Date), Debtor filed a bankruptcy petition under Chapter

11 of the Bankruptcy Code (the Code) in the United States Bankruptcy Court for the

MOTION FOR USE OF CASH COLLATERAL - Page  2

District of Idaho. Debtor is operating as a Debtor in Possession pursuant to the provisions of Chapter 11.

2. The secured creditors according to the Secretary of State are as shown above. A copy of the UCC search is attached, which includes claims by creditors unknown to the Debtor.

3. By this motion, the Debtor requests authorization to use cash collateral on an emergency basis, pending a final hearing on this motion, to pay the expenses from March 4th, 2022, through the date of the final hearing on this Motion, including payroll, vehicle maintenance costs, installment payments for vehicles and equipment necessary for the operation of the business, supplies, and ordinary operating expenses. The Debtor wishes to use cash collateral on an emergency interim basis for the expenses outlined in BUDGET attached hereto.

4. In accordance with the requirements of 11 USC §363(c)(4), such proceeds will be segregated into a separate bank account.

5. Debtor needs the use of cash collateral to provide for the operation and maintenance of the business during the period of administration of this case. An operating budget is attached hereto. The inventory as of the date of filing the petition is attached and is very minimal. Therefore, the actual use of cash collateral relating to prepetition secured claims is minimal compared with the total debts owed.

6. If the Debtor is not permitted to use cash collateral to pay operating expenses, the Debtor will be unable to continue its business operations and will in all likelihood be unable to fund the plan to be proposed hereafter or will incur additional expense to rectify the impact of being unable to pay operating expenses.

7. To the extent they claim a pre-petition lien in the Debtor's cash collateral, the Debtor is willing to give the Listed Creditors adequate protection as follows Listed Creditors shall

be granted a post-petition lien, to the same extent and priority as existed pre-petition, against the Debtor's post-petition cash collateral.

8. Debtor will not use Cash Collateral for anything other than expenses incurred in the operation of its business in the ordinary course of business, and as shown in the budget, and all requirements of any order of the Court.

9. As required by LBR 4001.1, the following information is given:

*(1) Identity of all entities known to the debtor or trustee, holding or claiming to hold an interest in cash collateral and a description of such interests.*

See attached UCC search. All creditors are receiving notice of this Motion and are urged to file their claims so priorities can be determined.

*(2) Identity of the creditor(s) whose cash collateral is to be utilized and the relationship, if any of the creditor(s) to the debtor.*

See above. There is no relationship of any creditor to Debtor, except that they are business-related creditors.

*(3) The amount, nature and source of the cash collateral.*

SEE ATTACHED BUDGET. The source of cash collateral is the operation of the Debtor's business, including the collection of payments and receivables generated thereby.

*(4) If interim use is requested, the amount of cash collateral to be used until the time of the final hearing on the motion to use cash collateral and the amount of cash collateral to be used thereafter.*

SEE ATTACHED BUDGET.

*(5) A line-item budget listing projected income and expenses for one year. If interim use is requested, the budget must also include projected income and expenses until the time of the final hearing on the motion.*

SEE ATTACHED BUDGET.

*(6) The estimated balance owed to the creditor(s) identified in paragraph (a)(2), as of the date the petition was filed, including any accrued, unpaid interest, cost or fees as provided in the agreement.*

See Debtor's schedules filed herein. A copy will be furnished to any creditor on

MOTION FOR USE OF CASH COLLATERAL - Page  4

request.

*(7) If the cash collateral is rent, the amount of the gross and net rent realized each month, a description of the property from which the rent is generated, and an estimate of its fair market value.*

N/A

*(8) If the cash collateral is receivables, a description and itemization of such receivables and, if any accounts receivable aging statement exists, the same must be provided to the affected creditor(s) and any party requesting such statement.*

This is contained on the attached budget, and upon the Initial Report submitted to the US Trustee.

*(9) The estimated fair market value, and the basis of the estimate, of the collateral which allegedly secures the creditor=s claims.*

$138,730.00

*(10) The method or means by which the interests of the creditor are to be adequately protected, and the estimated value, and the basis for the estimate, of any property offered as adequate protection.*

Debtor proposes a replacement security interest in post-petition accounts and proceeds of sales as set forth herein.

*(11) A statement of whether or not the debtor proposes any provision contained in the Guidelines Regarding Motions to Use Cash Collateral or to Obtain Credit, or Stipulations Regarding the Same which is other than a provision normally approved by the court (under subsection (a) of the Guidelines) and, if so, the provision shall be clearly identified.*

Debtor proposes no such provision.

WHEREFORE, the Debtor in Possession prays that an order be issued granting the debtor in possession the right to use cash collateral on an emergency and continuing basis, to pay the ongoing expenses set forth in the budget that is attached hereto and made a part hereof, and that the Debtor be entitled to do so until further order of this Court.

DATED: April 7th, 2022

                                          */s/ Luke Gordon*
                                          Counsel for Debtor

MOTION FOR USE OF CASH COLLATERAL - Page  5

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of April, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing.

Brett R. Cahoon    ustp.region18.bs.ecf@usdoj.gov
*U.S. Trustee*

Gary Rainsdon    Trustee@filertel.com
*Subchapter V Trustee*

Samuel A. Diddle    Sdiddle@eberle.com
*Attorney for Franklin Building Supply Co.*

Mark B. Perry    mbp@perrylawpc.com
*Attorney for Premier Plumbing and Water Treatment, Inc.*

William M. Humphries    bill.humphries@usdoj.gov
*U.S. Small Business Administration*

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid as follows:

Dustin & Angelica Collins
547 Welch St.
Meridian, ID 83646

Forecast Budget - April 2022

| Cost | | Monthly | Monthly |
|---|---|---|---|
| **Payroll** | | | |
| All Employees | Including Dustin & Angelica | | $37,000.00 |
| | | | |
| **Vehicles** | | | |
| Fuel/Parking | | | $2,100.00 |
| Car Wash (Current Subscription) | | | $60.00 |
| Maintenance | | | $350.00 |
| Dump Runs | Per job | | |
| Job Trailer | | | $500.00 |
| **Travel** | | | |
| | | | |
| **Portable Jobsite Restrooms** | Per job | | |
| | | | |
| **Tools/Non Job Related Expenses** | | | $250.00 |
| | | | |
| **Meals/Other** | | | |
| | | | |
| **Professional/ Office Services** | | | |
| Accountants | Business Taxes - estimated - not sure if this will be paid in April | | $3,500.00 |
| The Service Center (Quickbooks & Virtual Reception) | | | $300.00 |
| Business and Vehicle Insurance & Association Fees | | | $4,700.00 |
| Farm Bureau Insurance | | | $0.00 |
| | | | |
| Google | | | $15.00 |
| Audible | | | $16.00 |
| Buildertrend | | | $500.00 |
| Qwest | | | $100.00 |
| Wix | | | $50.00 |
| Simplisafe | | | $25.00 |
| Microsoft | | | $25.00 |
| Mosyle Business | | | $20.00 |
| | | | $0.00 |
| Office Utilities (Gas & Power - Cascade, and remaining office utilities) | | | $815.00 |
| Cell Phones | | | $600.00 |
| Business Internet | Cancellation fee | | $110.00 |
| Sparklight Internet | | | $60.00 |
| | | | |
| | | | |
| **Business Loans** | | | |
| EIDL Loan | | | |

1

| Cost | | Monthly | Monthly |
|---|---|---|---|
| Credibly, Fox, Fundbox, Biz Fund | | | |
| | | | |
| | | | |
| **Marketing** | | | |
| Plum Digital Marketing (Olly Olly) | | | $50.00 |
| | | | |
| **TOTAL** | | | $51,146.00 |
| | | | |

2

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re: | Case No. 22-00071-NGH |
| **INNOVATIVE BUILDING & REMODELING, LLC** | Chapter 11 |
| Debtor(s) | (Sub-Chapter V) |

## ORDER GRANTING EMERGENCY MOTION FOR INTERIM USE OF CASH COLLATERAL

THIS MATTER came before the court for a preliminary hearing on the Debtor's *Emergency and Continuing Motion for Authorization to Use Cash Collateral (Docket No. ___ the "Motion")* on the ___ day of April, 2022, after notice being given to all creditors and other parties in interest. Appearing at the hearing on behalf of the Debtor was Luke Gordon of Gordon, Delić & Associates.

The Court, having reviewed and considered the Debtor's motion, being fully advised of the merits of said motion, and good cause appearing therefore, hereby enters its Order as follows:

IT IS HEREBY ORDERED that effective March 4th, 2022, the Debtor is authorized the interim use of cash collateral.

IT IS FURTHER ORDERED that said cash collateral shall be used to pay only the expenses outlined on the expenses outlined in the budget attached to the Motion.

IT IS FURTHER ORDERED that the secured parties identified in the Motion shall maintain their adequate protection liens on all post-petition collateral to the same extent as existed pre-petition to the extent of cash collateral actually used by the Debtor.

IT IS FURTHER ORDERED that the Debtor operate in compliance with the U.S. Trustee's Guidelines.

IT IS FURTHER ORDERED that the proceeds shall be segregated into a separate bank account in accordance with the requirements of 11 U.S.C. § 363(c)(4).

IT IS FURTHER ORDERED that the Debtor's Motion for Use of Cash Collateral shall be and the same is hereby scheduled for a final hearing on the ___ day of _____, 2022, at _____ a.m./p.m. in Boise, Idaho.

// end of text //

*Submitted by Luke Gordon*
*Attorney for Debtor*